UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-389-FDW

| | |
|---|---|
| KENNETH MCNEILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| JLG INDUSTRIES, INC., DON SWOPE, ) | |
| MARK HARLACHER, BARRY JULIAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff Kenneth McNeill, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on June 26, 2013. In this action, Plaintiff alleges that his former employer Defendant JLG Industries, Inc. terminated his employment based on his race and color, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The Court first considers Plaintiff's in forma pauperis application. See (Doc. No. 2). The Court has considered Plaintiff's affidavit, in which he attests that in the past twelve months, he received an average income totaling $7800.00 from employment, self-employment, and income from real property. (Doc. No. 2 at 1). Plaintiff also states that he has received $10,000 in monthly, unemployment benefits payments. (Id. at 2). Plaintiff also states that he expects to receive $925.00 in income during the next month. Plaintiff alleges that he has $630 in a checking account. (Id. at 5). Plaintiff asserts that he has $2815.00 in monthly expenses and that he has two dependents who rely on him for support. (Id. at 5; 6).

1

Because Plaintiff has attested in his IFP motion that he has received a monthly income of $10,000 within the past twelve months from unemployment benefits payments, it appears that Plaintiff clearly has sufficient funds with which to pay the filing fee. Most likely, Plaintiff's statement regarding his monthly income from unemployment benefits payments was a typographical error. The Court will, therefore, allow Plaintiff to correct and re-submit his IFP motion before the Court rules on the motion.

Next, the Court notes that although Petitioner alleges that he filed EEOC charges, he has not attached the formal Notice of Charge of Discrimination that he filed with the EEOC. Before going forward with the initial review of Plaintiff's Complaint, this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit.[1] See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint.").

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff has 20 days from entry of this Order in which to resubmit his IFP application with any corrections he wishes to make. If Plaintiff does not resubmit his IFP application within 20 days of entry of this Order, the Court will consider his original IFP application in determining his IFP status.

2. Plaintiff shall, within 20 days of entry of this Order, furnish the Court with the Notice of Charge that he filed with the EEOC.

3. If Plaintiff fails to comply with this Order, the Complaint shall be subject to

---

[1] The Court also notes that the three individual Defendants Don Swope, Mark Harlacher, and Barry Julian are subject to dismissal because individuals may not be held liable under Title VII. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998).

dismissal without further notice.

Signed: June 28, 2013

Frank D. Whitney
Chief United States District Judge